653 S.E.2d 272

**In the Matter of Melisa W. GAY, Respondent.**

No. 26386.

Supreme Court of South Carolina.

Submitted Sept. 26, 2007.

Decided Nov. 5, 2007.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Assistant Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Lawrence E. Richter, Jr., of the Richter Law Firm, LLC, of Mount Pleasant, for respondent.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the issuance of either an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

In 1998, respondent was hired to represent Complainant A in a criminal matter. In 2000, just days before the hearing on the motion to suppress, Complainant A consulted with another lawyer (Lawyer) about assisting with the case. Lawyer agreed to assist Complainant A. Lawyer's understanding was that respondent would remain involved in the case. Respondent's understanding was that Lawyer would be taking over the case and she would no longer be involved.

Although aware of the upcoming motion hearing, respondent did not appear. Lawyer appeared and informed the court that he believed respondent was to be helping him with the case. Lawyer requested a continuance because respondent did not appear and he was unable to proceed without her assistance. The judge telephoned respondent from his chambers and outside the presence of Complainant A and Lawyer. When the judge returned to the courtroom, he announced he was relieving respondent from the case. He then denied the motion to suppress and informed Lawyer he had ten days to prepare for trial.

When the case was called for trial, Complainant A pled guilty and was sentenced to fifteen years imprisonment. His decision to do so was based on Lawyer's inability to proceed without respondent's assistance. Complainant A's subsequent post-conviction relief petition was granted on a finding of ineffective assistance of counsel.

### Matter II

Respondent was retained to represent Complainant B in a criminal matter. During that representation, respondent

learned that someone had misappropriated funds from Complainant B's bank account. In addition to the criminal case, respondent agreed to represent Complainant B in a civil case against the bank. At some point, respondent also became involved in defending a civil action filed by Complainant B's landlord and the sale of Complainant B's mobile home.

Respondent failed to accurately account for funds she received on Complainant B's behalf. She did not comply with Complainant B's repeated requests for an accounting of funds and itemization of fees incurred. Respondent refused to provide Complainant with copies of canceled checks related to transactions on his behalf, asserting they were confidential and he was not entitled to them. On advice of counsel, respondent subsequently produced copies of the checks. Respondent had no written fee agreement in any of the cases handled for Complainant B. At least one of the matters was handled on a contingency basis.

## *Matter III*

Respondent failed to adequately train and supervise staff members who were responsible for bookkeeping and maintaining trust account records. Errors in respondent's records included unidentified deposit entries, check entries which did not identify the client to whom they were associated, checks which did not contain a meaningful description or client reference, checks inadvertently issued twice, deposits into the wrong account, payments from the trust account on behalf of clients in excess of funds those clients had on deposit, and resulting bank charges to the trust account due to the errors. Respondent's recordkeeping errors violated Rule 417, SCACR.

In addition, respondent's failure to properly reconcile her trust account, maintain accurate client ledgers, and supervise her staff resulted in errors causing negative balances in some of her clients' trust accounts. On several occasions, respondent issued checks from her trust account payable to cash and delivered the cash to clients or their designees. Respondent did not maintain any documentation of these transactions.

Respondent commingled her personal funds with client funds when she deposited proceeds of her own insurance claim and her own tax refund into her trust account.

There is no evidence respondent profited personally from her mismanagement of her trust account. Prior to the commencement of this investigation, respondent had recognized problems with her management of her trust account and had already begun taking steps to remedy those problems. Since notice of this investigation, respondent has retained the services of an experienced accounting professional who has reconciled her account, corrected her errors, accounted for client funds, assisted her in restoring client balances, and established an accounting system for her office.

## *LAW*

Respondent admits that by her misconduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4 (lawyer shall promptly comply with reasonable requests for information); Rule 1.15 (lawyer shall hold client property separate from her own property); Rule 1.16 (lawyer may withdraw from representation if withdrawal can be accomplished without material adverse effect on the interest of the client); and Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct). Further, respondent agrees her misconduct violated the recordkeeping provisions of Rule 417, SCACR. Respondent acknowledges that her misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for her misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.